UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DUNG PHAN,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 20-cv-03665-BLF<br><br>**ORDER GRANTING STAY**<br><br>[Re: ECF 21] |

Before the Court is Defendant Transamerica Premier Life Insurance Company's ("Transamerica") motion to stay the case pending the resolution of the appeals in *Thomas v. State Farm Insurance Co.*, 424 F. Supp. 3d 1018 (S.D. Cal. 2019), *appeal docketed*, No. 20-55231 (9th Cir. March 2, 2020) and *Bentley v. United of Omaha Life Insurance Co.*, 371 F. Supp. 3d 723 (C.D. Cal 2019), *appeal docketed*, No. 20-55466 (9th Cir. April 29, 2020) before the Ninth Circuit and *McHugh v. Protective Life Insurance Co.*, 253 Cal. Rptr. 3d 780 (Cal. Ct. App. 2019*), review granted* 456 P.3d 933 (Cal. Jan. 29, 2020) before the California Supreme Court. *See* Mot., ECF 21. Plaintiff Dung Phan ("Ms. Phan") has opposed the motion. *See* Opp'n, ECF 23. Pursuant to Civ. L.R. 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the motion hearing set for October 15, 2020. For the reasons discussed below, the Court GRANTS the motion to stay.

I.    **BACKGROUND**

Mr. Phan filed suit against Transamerica on June 2, 2020, alleging that the company refuses to comply with mandatory provisions of the California Insurance Code as well as California common law regulating the lapse and termination of life insurance policies. Compl. ¶ 1,

ECF 1. The provisions primarily at issue in the case are California Insurance Code Sections 10113.71 and 10113.72 ("the Statutes"), which concern the proper notice requirements and grace periods required for the termination and lapse of life insurance policies. Compl. ¶¶ 12-16. The statutes have an effective date of January 1, 2013. Compl. ¶13. This case, and the pending appeals in *Bentley*, *Thomas*, and *McHugh*, all concern the applicability the Statutes to policies issued and delivered in California prior to January 1, 2013. *See* Compl. ¶2; Mot. 1-2.

In *Bentley*, the district court held that the Statutes applied prospectively from the January 1, 2013, effective date to the annual term policy at issue because "when a policy renews, it incorporates any changes in law that occurred prior to the renewal." *Bentley*, 371 F. Supp. 3d at 732-33. The court held that a premium payment constitutes a renewal. *Id.* at 735. *Thomas*, ten months later, cited *Bentley* and found the same "renewal principle" applied to the policy in that case, which had an option of paying an annual or monthly premium. *Thomas*, 424 F. Supp. 3d at 1028. *McHugh* came to the opposite conclusion and held that the Statutes did not apply retroactively and gave deference to the Department of Insurance's statutory interpretation that the Statutes did not apply to renewals. *McHugh*, 253 Cal. Rptr. 3d at 788. The California Supreme Court will decide the following issue: "Were the provisions of Insurance Code sections 10113.71 and 10113.72 intended by the Legislature to apply, in whole or in part, to life insurance policies in force as of January 1, 2013, regardless of the original date of issuance of those policies?" Mot. 3.

Other district courts in the Ninth Circuit have followed *McHugh* and come to the opposite conclusion of *Bentley* and *Thomas* as well, finding that the Statutes do not apply to policies issued before the effective date of the Statutes. *See Shaff v. Farmers New World Life Insurance Co.*, No. CV17-03610 JAK (Ex), 2019 WL 4570014, at *11 (C.D. Cal. Aug. 5, 2019) and *Elmore v. Hartford Life & Accident Insurance Co.*, No. CV 18-08903-CJC(JCX), 2020 WL 1276106, at *4 (C.D. Cal. Jan. 6, 2020). Ms. Phan's counsel is also plaintiffs' counsel in both *Shaff* and *Elmore*, and the Ninth Circuit has administratively closed both cases until March 2021. Order, *Shaff v. Farmers New World Life Insurance*, No. 19-56129 (9th Cir. March 3, 2020), ECF No. 12, and Order, *Elmore v. Hartford Life & Accident Insurance*, No. 20-55118 (9th Cir. March 16, 2020), ECF No. 13.

Additionally, two other district courts have granted stays in insurance cases involving the same statutes. *See* Min. Order, *Kelley v. Colonial Penn Life Insurance Company*, No. 2:20-cv-03348-MWF (C.D. Cal July 13, 2020), ECF No. 23, and Min. Order, *Kroetz v. John Hancock Life Insurance Company USA*, No. 2:20-CV-02117 AB-RAO (C.D. Cal July 21, 2020), ECF No. 45. One court in this District has denied a request for stay in a similar situation. Order, *Siino v. Foresters Life Insurance and Annuity Co.*, No. 4:20-cv-02904-JST (N.D. Cal Sept. 1, 2020), ECF No. 41.

This case, which involves the same issues as the cases previously discussed, is in the early stages. Discovery has not commenced, and no motions other than this one currently before the Court have been filed.

## II.    LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936)).  This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 863-864 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863-64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

3

expected to result from a stay." *Id*. In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

**III.  DISCUSSION**

The Court will exercise its broad discretion to manage its docket and grant a one year stay in the name of judicial efficiency. If at that time, the Ninth Circuit has not provided guidance in *Bentley* or *Thomas*, or the California Supreme Court has not issued an opinion in *McHugh*, Transamerica may request an extension. The stay is issued for the following reasons.

**A.  Factors One and Two: Damage and Hardship to Parties**

Transamerica maintains that no damage will result to Ms. Phan from granting the stay—she is seeking monetary damages, and monetary damages are an insufficient basis to deny a stay. Mot. 8. Ms. Phan disagrees and emphasizes the indefinite, "multi-year" nature of this stay will damage the potential class of elderly and/or disabled adults that are subject to ongoing violations of the Statutes by Transamerica, and these violations concern important public policy. Opp'n 3-4. Ms. Phan also maintains that no harm will result to Transamerica because having to defend a lawsuit does not constitute harm. Opp'n 5-6. Transamerica disagrees and notes that there will be a tremendous waste of resources, for both it and the Court, if this case continues into discovery, class certification, and motions practice while the Ninth Circuit and California Supreme Court are considering potential dispositive issues in this case. Mot. 8-9. Finally, Ms. Phan tries to add a fourth factor to the CMAX factors, citing *Nken v. Holder*, 556 U.S. 418 (2009), and stating that because Transamerica is seeking a reversal at the Ninth Circuit, it must demonstrate that it will win on the merits in this case to secure a stay. Opp'n 8.

The Court declines Ms. Phan's invitation to add a factor to the CMAX balancing test, which has stood for over fifty years. If Ms. Phan's interpretation of *Nken*—a party must show that it will win on the merits before it is granted a stay—applied to matters like this one, then there would be no need for a stay and to delay victory. *Nken*, an immigration case, has little in common

with this case procedurally, and the factors influencing the decision to grant a stay in *Nken* apply to circumstances where courts stay a civil order pending an appeal, such as an order of removal. *Nken*, 556 U.S at 429, 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776-777 (1987) (involving potential release from custody of successful habeas petitioner pending the state's appeal)). Another Ninth Circuit case cited by Ms. Phan in support of her claim of hardship, *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983), also involves staying an order that is directly on appeal, not staying a case to wait for a higher court to provide guidance. *Lopez* denied a stay pending the appeal of an injunction requiring restoration of disability benefits to large number of social security recipients, circumstances the Court finds factually different and much more dire than those in this case.

The final Ninth Circuit case Ms. Phan cites in support of her hardship argument is *Leyva*, which involved the Ninth Circuit confirming the district court's right to enter a stay of Fair Labor Standards Act claims pending resolution of contract claims in arbitration. 593 F.2d at 863. The case was remanded to the district court to condition any stay upon assurances that arbitration was proceeding with diligence and efficiency). *Id.* at 864. *Leyva* supports this Court's discretion to enter a stay in the name of judicial economy:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva*, 593 F.2d at 863–64.

Both parties benefit from clarity from the Ninth Circuit and California Supreme Court as this case moves forward. Other courts in this district have found stays appropriate under these circumstances. See *Minor v. FedEx*, No. C 09-1375 TEH, 2009 WL 1955816, at *1 (N.D. Cal. July 6, 2009) ("while going forward does not impose inequity, it certainly appears to be a hardship to conduct pointless discovery that may well be moot following a holding [by the California Supreme Court] in *Brinker*."); *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL

6986421, at *3 (N.D. Cal. Dec. 10, 2014) (Koh, J.) (granting stay and reasoning that "this action is at an early stage of litigation, Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision").

The Court does understand Ms. Phan's desire to avoid a multi-year indefinite stay. The Court will put a definite time period on the stay—12 months. If there is no resolution from either the Ninth Circuit or the California Supreme Court at that time, the stay may be extended for a similarly definite period of time.

### B. Factor Three: The Orderly Course of Justice

This factor weighs heavily in favor of a stay. "In determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant." *Fuller v. Amerigas Propane, Inc.*, No. 09–2493 THE, 2009 WL 2390358 at *2 (holding that Defendant's arguments showing judicial economy would be served by the stay).

Ms. Phan's argument that the pending cases with the appellate courts won't *completely* dispose of every single merits issue in this case, Opp'n 7, is also not a reason to deny the stay. Even though the case will not automatically be won or lost after the resolution of *Bentley*, *Thomas*, and *McHugh*, major issues in this case will be clarified by a ruling in even one of those cases. The Court finds this stay of a finite duration is the most efficient and fair way to handle the litigation of this case.

### IV. ORDER

For the foregoing reasons, the Court GRANTS Transamerica's motion to stay the case until September 18, 2021. The parties are to submit a joint status report to the Court within 14 days of resolution of the appeal in *Bentley*, *Thomas*, or *McHugh* or **on or before September 18, 2021**.

Under these circumstances, the Court finds it appropriate to administratively close the case. This is an internal procedure that does not affect the substantive rights of the Parties. The Parties may request that the case be reopened, if appropriate, after September 18, 2021.

**IT IS SO ORDERED.**

Dated: September 17, 2020

_____
BETH LABSON FREEMAN
United States District Judge