UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DUNG PHAN,<br><br>        Plaintiff,<br><br>   v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 20-cv-03665-BLF   (VKD)<br><br>**ORDER RE OCTOBER 11, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 48 |

Plaintiff Dung Phan and defendant Transamerica Premier Life Insurance Company ("Transamerica") ask the Court to resolve a dispute regarding plaintiff's request for production of the contact information of potential class members. Dkt. No. 48. The Court held a hearing on this dispute on October 20, 2022.

The Court requires Transamerica to produce contact information for the relevant policy owners, but defers decision regarding production of contact information for beneficiaries, subject to further proceedings set forth below.

**I.    BACKGROUND**

On behalf of herself and a putative class, Ms. Phan alleges that Transamerica systematically failed to comply with the notice and grace period provisions of California Insurance Code sections 10113.71 and 10113.72 on or after January 1, 2013. Dkt. No. 1 ¶¶ 26-39. The parties represented at the hearing that they have agreed that Transamerica will produce specific information concerning the relevant insurance policies responsive to Plaintiff's Interrogatories Nos. 17, 19, and 20 and Request for Production No. 34. That production will include information concerning responsive policies that lapsed or terminated due to nonpayment of premium. The

parties disagree about whether Transamerica should be required to provide contact information for the owners of those responsive policies and for the beneficiaries of those responsive policies where the insured has died.

Ms. Phan argues that she requires contact information so that she can develop evidence that the proposed class meets the requirements of Rule 23 and to address Transamerica's anticipated arguments in opposition to class certification that assessing the reasons for lapse or termination of the policies at issue requires an individualized determination. Transamerica responds that Ms. Phan should not be permitted to obtain contact information because she cannot make *a prima facie* showing that the requirements of Rule 23 are met or that discovery is likely to substantiate her class allegations. It argues that Ms. Phan's theory of class certification—i.e. Transamerica's alleged failure to comply with insurance code provisions—does not depend on information Ms. Phan might obtain from individual class members. Rather, Transamerica expects that Ms. Phan wishes to obtain contact information for policy owners and beneficiaries so that she can recruit replacement or additional class members.

## II.   DISCUSSION

District courts have broad discretion to direct the scope of pre-certification discovery. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). The Ninth Circuit does not require a plaintiff to show that the Rule 23 class action requirements are met or that the discovery sought is likely to substantiate the class allegations in order to obtain class member contact information, although these factors may be considered. *See Wellens v. Daiichi Sankyo Inc.*, No. 13-cv-00581-WHO (DMR), 2014 WL 969692 at *2 (N.D. Cal. Mar. 5, 2014) (discussing authority); *see also Vinole*, 571 F.3d at 942 ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). As a general matter, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense and that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

2

1    outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

2          Here, Ms. Phan alleges that (1) the proposed classes (as defined in the complaint) are so
3    numerous that joinder of all members is impractical; (2) there are questions of law or fact
4    concerning Transamerica's compliance with the insurance code provisions regarding notice and
5    grace period that are common to the proposed classes; (3) her claims are typical of the claims of
6    the putative class members; and (4) she will fairly and adequately represent the interests of the
7    classes. Dkt. No. 1 ¶¶ 35-51. The plausible allegations of the complaint, which include assertions
8    about Transamerica's "standardized policies and procedures," and Transamerica's anticipated
9    defenses to those allegations, are sufficient to warrant pre-certification discovery of class member
10   contact information, so long as that discovery is not unduly burdensome. *See, e.g., Siino v.*
11   *Foresters Life Ins. and Annuity Co.,* No. 20-cv-02904-JST (KAW), Dkt. No. 55 (N.D. Cal. Dec.
12   10, 2020) (permitting discovery of contact information in a similar context); *Tavakolian v. Great*
13   *American Life Ins. Co.*, No. 20-cv-01133-SPG-SHK, Dkt. No. 71 (C.D. Cal. Oct. 11, 2022)
14   (same); *Barreras v. Michaels Stores, Inc.*, No. C 12-4474 (PJH), 2015 WL 1886337, at *2–3
15   (N.D. Cal. Apr. 24, 2015) (observing that disclosure of class members' contact information is a
16   common practice in pre-certification discovery).

17         With respect to the burden of producing contact information, the Court understands that
18   Transamerica maintains electronic records in a database or other repository that can be queried for
19   the contact information of policy owners. However, it does not maintain such records for the
20   beneficiaries of responsive policies where the insured has died; contact information for these
21   beneficiaries requires a manual search of records. *See* Dkt. No. 48 at 7 n.4. Transamerica
22   concedes that it is not unduly burdensome for it to provide the contact information it maintains for
23   policy owners, but it argues that it may be quite burdensome to provide the same information for
24   beneficiaries, depending on the number of responsive policies it identifies. Transamerica is
25   reviewing documents to determine this number and expects to complete its review by October 31,
26   2022. *See id.* at 7. In these circumstances, the Court will only require production of contact
27   information for owners of responsive policies at this time, and will defer deciding whether to
28   require production of contact information for beneficiaries of responsive policies that have lapsed

or terminated until Transamerica identifies the number of policies.

### III. CONCLUSION

For the reasons explained above, Ms. Phan may obtain discovery of contact information for those putative class members who are the owners of relevant insurance policies responsive to Plaintiff's Interrogatories Nos. 17, 19, and 20 and Request for Production No. 34. Such production shall be made as soon as practicable, subject to resolution of any dispute regarding the procedures governing the production and use of such contact information, as discussed below.

On or before **November 4, 2022**, the parties shall file a supplemental discovery dispute submission advising the Court of the (1) the number of responsive policies where the insured has died, and (2) an estimate of the time and effort required for Transamerica to produce contact information for the beneficiaries of those policies.

The parties' discovery dispute letter addresses only the discoverability of the contact information of policy owners and beneficiaries; it does not address the procedures for protecting individuals' privacy with respect to such contact information or the procedures for production and use of that information. The parties are ordered to confer expeditiously regarding the procedures governing the production and use of such contact information in this case. On or before **November 11, 2022**, the parties shall file a supplemental discovery submission advising the Court of their respect positions on these matters, or in the alternative, the parties may file a stipulation for the Court's review and approval.

**IT IS SO ORDERED.**

Dated: October 21, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4