UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DUNG PHAN,<br><br>   Plaintiff,<br><br>  v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY,<br><br>   Defendant. | Case No. 20-cv-03665-BLF<br><br>**ORDER DENYING APPLICATION TO FILE SUPPLEMENTAL BRIEFING AND DENYING MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE**<br><br>[Re: ECF Nos. 57, 69] |

  On April 12, 2023, Defendant filed an *ex parte* application for leave to file supplemental briefing on Plaintiff's motion for class certification. ECF No. 69 ("App."). In the Application, Defendant asserts that Plaintiff's Reply brief to her motion for class certification altered her position, and Defendant did not have a sufficient opportunity to respond. *Id.* Defendant has identified a significant problem with Plaintiff's briefing in support of class certification.

  In the Complaint, Plaintiff asserts five causes of action: (1) declaratory relief or judgment under California statute; (2) declaratory relief or judgment under federal statute; (3) breach of contract; (4) violation of California's Unfair Competition Law ("UCL"); and (5) financial elder abuse in violation of California statute. ECF No. 1 ("Compl.") ¶¶ 52-96. The claims for declaratory relief seek a determination of rights and duties and declaration or judgment "that Sections 10113.71 and 10113.72 applied as of January 1, 2013, to Defendant's California policies in force as of or at any time after January 1, 2013." *Id.* ¶¶ 59, 64. The Complaint identifies a class and sub-class as follows:

  <u>The Class:</u>

  All past, present, and future owners or beneficiaries of Defendant's life insurance policies in force on or after January 1, 2013 and

> governed by Sections 10113.71 and/or 10113.72, where the policies underwent or will undergo lapse, termination, and/or reinstatement without Defendant first providing written notice of and an actual 60-day grace period, a 30-day notice of pending lapse and termination, and/or an annual notice of a right to designate at least one other person to receive notice of lapse or termination of a policy for nonpayment of premium.
>
> The Elder Abuse Sub-Class:
>
> All members of the Class defined above who were also 65 years of age or older at the time the policy lapse [sic] or terminated.

*Id.* ¶ 39.

In the motion for class certification, Plaintiff seeks certification of the following classes:

> The Class:
>
> All owners, or beneficiaries upon a death of the insured, of Defendant's life insurance policies issued in California before 2013 that Defendant lapsed or terminated for the non-payment of premium in or after 2013 without first complying with all the requirements of Insurance Code Sections 10113.71 and 10113.72
>
> The Elder Abuse Sub-Class:
>
> All members of the Class who were also 65 years of age or older at the time their policy lapsed or terminated.

ECF No. 57 ("Mot.") at 4. Plaintiff asserts that class certification is proper under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). *See* Mot. She recognizes that the case is "first and foremost, one for declaratory and injunctive relief," but she also seeks certification of a damages class. *Id.* at 17. She highlights a central question as: "Where Defendant admittedly terminated life insurance policies without first complying with Insurance Code sections 10113.71 and 10113.72, were those terminations effective?" *Id.* at 2.

In the Reply, Plaintiff states for the first time that she is only seeking certification for a "partial 'damages' class, under 23(b)(3), for the very small percentage (about 1.5%) of all policies that might be entitled to benefits under the couple of counts that would award damages." ECF No. 61 ("Reply") at 2-3. She further explains that she "is *not* seeking monetary damages on behalf of class members whose insureds are still alive, i.e., whose entitlement to benefits has not been triggered yet." *Id.* at 10 (emphasis in original). She concedes that 98.5% of potential class members can only seek declaratory/injunctive relief. *Id.* at 11. And as to Rule 23(b)(2), she states

2

that she is seeking "a declaration that The Statutes applied to their policies (to the extent Defendant still does not concede this), and that Defendant's attempted terminations were ineffective." *Id.* at 10.

In the Application, Defendant asserts that it did not have the opportunity to respond to Plaintiff's changed position. App. at 2. Defendant argues that "[h]ad Plaintiff properly amended the class definition in her Complaint or filed a new motion for certification with a modified and narrower class definition, Transamerica would have been provided with an opportunity to address the propriety of that new and altered relief." *Id.* at 3. Defendant also asserts that "[t]he current version of declaratory relief that Plaintiff asserted for the first time at oral argument is apparently the only remaining claim on behalf of the entire class." *Id.* at 3. Defendant requests leave to file a supplemental brief to address Plaintiff's position. *See id.* at 4-5.

Defendant has identified a fundamental flaw in Plaintiff's motion. "It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers." *Fisher v. Paykel Healthcare Ltd. v. Flexicare Inc.*, No. SACV 19-835 JVS (DFMx), 2021 WL 5994996, at *6 (C.D. Cal. July 7, 2021) (*Premier Constr. & Remode, Inc. v. Mesa Underwriters Special Ins. Co.*, No. EDCV 18-2582 JGB (KKx), 2020 WL 5498072, at *10 (C.D. Cal. July 8, 2020)). The Court agrees with Defendant that Plaintiff significantly altered her theory of class certification in the Reply. But the Court does not agree that supplemental briefing from Defendant would be helpful at this stage, because there are several issues that need to be addressed by Plaintiff. First, Plaintiff states in Reply that she seeks to certify a "partial" damages class. Reply at 2-3. But neither her Complaint nor her motion for class certification defines a damages sub-class. *See* Compl.; Mot. It is not clear if she does seek to certify a damages sub-class and, if so, how she would like to define that sub-class. And second, Plaintiff makes clear in her briefing that she is seeking a Rule 23(b)(2) class for declaratory relief that is not requested in the Complaint. Mot. at 2; Reply at 10. The Complaint asks for a declaration "that Sections 10113.71 and 10113.72 applied as of January 1, 2013, to Defendant's California policies in force as of or at any time after January 1, 2013." Compl. ¶¶ 59, 64. But, as Plaintiff argues, this question was already answered by the California Supreme Court. *McHugh v.*

3

*Protective Life Ins. Co.*, 12 Cal. 5th 213, 220 (2021) ("We conclude that sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued."); *see also Pitt v. Metro. Tower Life Ins. Co.*, No. 20-CV-694-RSH-DEB, 2022 WL 17972167, at *6 (S.D. Cal. Dec. 1, 2022) (noting that question common to class members—whether "the protections of insurance code sections 10113.71 and 10113.72 apply to Defendant's insurance policies originally issued before 1/1/2013"—had already been decided by *McHugh*); *Nieves v. United of Omaha Life Ins. Co.*, No. 21-cv-01415-H-KSC, 2023 WL 2705836, at *6 (S.D. Cal. Mar. 28, 2023) (stating that declaration sought by plaintiff—that "Sections 10113.71 and 10113.72 applied as of January 1, 2013 to Defendant's California policies in force as of or any time after January 1, 2013"—was decided by *McHugh*). Plaintiff indicates in her Reply that she is asking this Court for "a declaration that The Statutes applied to their policies (to the extent Defendant still does not concede this), *and* that Defendant's attempted terminations were ineffective." Reply at 10 (emphasis added). The latter portion of the sought declaration—that the terminations were ineffective—is not requested in the Complaint. *See* Compl.

A supplemental brief by Defendant would not be helpful without a motion for class certification that is consistent with Plaintiff's changed requests. The Court DENIES Defendant's Application for leave to file a supplemental brief. The Court DENIES Plaintiff's motion for class certification WITHOUT PREJUDICE to refiling a new motion for class certification consistent with Plaintiff's position in her Reply brief. And to the extent that any changed theory of the case would require the filing of an amended complaint, Plaintiff shall seek leave of court to do so prior to filing a renewed motion for class certification.

//
//
//
//
//
//

4

The Court hereby modifies the case schedule to allow for a renewed motion for class certification to be filed by May 19, 2023.  The Court will determine at a later date whether postponement of the remainder of the case schedule would be required.  This will allow the parties to fully brief the issues.

**IT IS SO ORDERED.**

Dated: April 17, 2023

_____
BETH LABSON FREEMAN
United States District Judge

5