**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DUNG PHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 20-cv-03665-BLF<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**<br><br>[Re: ECF No. 85] |

Before the Court is Defendant Transamerica Life Insurance Company's ("TLIC's") Motion for Leave to File a Supplemental Pleading that asserts two counterclaims against Plaintiff Dung Phan. ECF No. 85 ("Mot."). Phan opposes the motion. ECF No. 87 ("Opp."). The Court finds the motion suitable for disposition without oral argument and VACATES the hearing set for January 11, 2024. *See* Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS TLIC's Motion.

**I.　BACKGROUND**

Phan acquired a life insurance policy in 1998 that, after a series of mergers, is now administered by TLIC. ECF No. 77 ("Amended Complaint") ¶ 29. In May of 2018, Phan missed a premium payment. On May 22, 2018, TLIC sent Phan a "Grace Notice," which required her to pay the premium or the policy would lapse. *Id.* ¶ 34. The policy lapsed on July 23, 2018. *Id.* On July 24, 2018, TLIC sent Phan a "Lapse Notice," informing Phan that her policy had lapsed and was no longer in force. *Id.* Phan attempted to pay the premium amount on July 31, 2018. *Id.* TLIC required Phan to apply for reinstatement of her policy. Phan's application was denied, and her premium payment was returned. *Id.* In June of 2020, Phan filed this lawsuit. ECF No. 1. The operative complaint alleges that TLIC's notices violated California Insurance Code §§ 10113.71

1   and 10113.72.  Amended Complaint ¶¶ 35–37.

2        On May 19, 2023, TLIC sent Phan a letter which stated that "Transamerica has decided to administratively restore your Transamerica policy as if it had never lapsed" and "require[d] the payment of past due premiums of $59,285.90 for you to maintain your policy in force past the Lapse Date."  Mot. at 26.  The letter also provided notice that Phan could designate a secondary addressee to receive notice of a pending lapse.  *Id.*  On May 31, 2023, Phan's counsel responded in a letter to TLIC stating that "Mrs. Phan submits that no payment of premium for [the period in which TLIC repudiated coverage] is required- at this time and questionable if it would be available as a credit should benefits be paid."  ECF No. 87-2 at 2.  However, the letter also stated, "Nonetheless, Mrs. Phan will evaluate whether such payment will be made" and requested further information.  *Id.*  On June 21, 2023, TLIC sent Phan a "Grace Period Notice" that advised her that the policy would lapse on July 21, 2023 unless Phan paid the past due premiums.  Mot. at 32.  On June 26, 2023, TLIC responded to Phan's counsel with a letter that explained the reason for the decision to administratively restore Phan's policy and illustrated the policy benefits and the calculations for the past due premium amount.  *Id.* at 36–37.  That same day, TLIC answered the Amended Complaint.  ECF No. 80.  On July 21, 2023, Phan's counsel responded, in relevant part, that "Mrs. Phan will not tender [the amount of past due premiums] at this time, as it is her contention that no premiums are due as a result of Transamerica's failure's [sic] to comply with Insurance Code Sections 10113.71 and/or 10113.72."  Mot. at 63.  That day, Phan's restored policy lapsed.

TLIC now seeks to file two counterclaims related to Phan's refusal to pay past due premiums for her renewed policy.  *See id.* at 16–24.  The counterclaims seek declaratory relief regarding whether Phan has an obligation to pay past due premiums and whether, in light of her refusal to pay, the renewed policy has lapsed.  *Id.* at 20–24.

## II. LEGAL STANDARD

Fed. R. Civ. P. 13(e) states that "[t]he court may permit a party of file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."  When a party seeks to file a counterclaim under Rule 13(e), district courts in the Ninth

2

1   Circuit have applied the same standard as that of amendment under Rule 15.  *See, e.g.*, *A-Tek*
2   *Mech., Inc. v. KHW Servs., Inc.*, No. 3:21-CV-01974-H-DDL, 2023 WL 213872, at *2 (S.D. Cal.
3   Jan. 17, 2023); *Navarro v. Hamilton*, No. 516CV01856CASSPX, 2017 WL 10589992, at *1 (C.D.
4   Cal. Mar. 15, 2017); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 689 (E.D. Cal. 2009).
5   The factors considered when determining whether to grant leave to amend include:  "(1) bad faith
6   on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of
7   the proposed amendment."  *Ciampi v. City of Palo Alto*, No. 09–CV–02655–LHK, 2010 WL
8   5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

9   However, because TLIC seeks to file a supplemental pleading after the Court entered a
10  scheduling order, and after the deadline to amend pleadings expired on February 14, 2023, Federal
11  Rule of Civil Procedure 16(b)(4)'s standards control.  *See Johnson v. Mammoth Recreations, Inc.*,
12  975 F.2d 604, 607-08 (9th Cir. 1992); *see also Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*,
13  526 F. Supp. 3d 805, 818 (D. Nev. 2021) (applying the good cause standard to a motion for leave
14  to file a counter complaint after the deadline to amend pleadings expired).  A party seeking to
15  amend a scheduling order must show "good cause" for such relief.  Fed. R. Civ. P. 16(b)(4) ("A
16  schedule may be modified only for good cause and with the judge's consent."). If the moving party
17  establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion
18  is also proper under Rule 15."  *Rodarte v. Alameda Cnty.*,5 No. 14–cv–00468–KAW, 2015 WL
19  5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson*, 975 F.2d at 608).

20  The "good cause" analysis "is not coextensive with an inquiry into the propriety of the
21  amendment under [ ] Rule 15."  *Johnson*, 975 F.2d at 609.  "Unlike Rule 15(a)'s liberal
22  amendment policy . . . , Rule 16(b)'s 'good cause' standard primarily considers the diligence of
23  the party seeking the amendment."  *Id.*  Courts may take into account any resulting prejudice to
24  the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons
25  for seeking modification . . . [i]f that party was not diligent, the inquiry should end."  *In re W.*
26  *States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom.*
27  *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson*, 975 F.2d at 609).
28

### III. DISCUSSION

Two issues are before the Court: (1) whether TLIC has shown good cause to amend the scheduling order under Rule 16 and (2) whether TLIC has shown that its proposed supplemental pleading is proper under Rule 13(e).

#### A. Leave to Amend Scheduling Order Under Rule 16

TLIC argues that it exercised diligence because the basis for TLIC's counterclaim did not arise until July 21, 2023—when the policy lapsed due to Phan's refusal to pay past due premiums—and TLIC waited only a short time before filing the present motion. Mot. at 11. Phan responds that TLIC has been on notice about Phan's position on past due premiums since at least June 27, 2022, when she responded to written discovery. Opp. at 6–7. Phan argues that her written responses to interrogatories stated that she "is seeking reinstatement of her policy without the provision of premiums for periods of time during which she was not insured." ECF No. 87-3 at 12. Consistent with this position, the Amended Complaint, filed on May 26, 2023, argues that "the class policies that Defendant wrongfully terminated must be restored at no further cost to the class member or otherwise treated as if the lapse or termination never happened." Amended Complaint ¶¶ 61, 66. Phan also argues that TLIC was on notice of this position because it asked Phan at her deposition in November of 2022, "If your policy were to be reinstated, would you be willing to pay the premiums that would have been owed on that policy over the past four years?" and the Court asked both parties at the April 6, 2023 hearing on Phan's initial motion for class certification whether past due premiums would need to be paid. ECF No. 87-4 at 82:16–22; ECF No. 68 at 23:1–9, 44:17–46:8. Finally, Phan argues that her May 31, 2023 letter made her position on past due premiums clear. ECF No. 87-2 at 2. TLIC responds that Phan's evidence put TLIC on notice of Phan's hypothetical position, but that TLIC's counterclaims were not ripe until Phan actually refused to pay past due premiums and her policy lapsed. ECF No. 88 ("Reply") at 5.

The Court agrees with TLIC. Rule 13(e) applies to counterclaims that have "matured or w[ere] acquired by the party after serving an earlier pleading." The earlier pleading is TLIC's answer, which was filed on June 26, 2023. "Under Rule 13(e), leave is not proper if claims were ripe prior to the filing of the answer." *Bergquist v. Aetna U.S. Healthcare*, 289 F. Supp. 2d 400,

4

414 (S.D.N.Y. 2003). At best, Phan's evidence shows that TLIC was aware of Phan's litigation position on past due premiums and what Phan would do if confronted with a request for past due premiums to keep her renewed policy in force. But notice about a party's litigation position and predicted future behavior does not create a claim or controversy that would make a counterclaim ripe. Indeed, TLIC's counterclaims are based on Phan's *actual* refusal to pay and the status of the policy *after* TLIC's notice practices in 2023. This means that TLIC's counterclaims were not ripe such that they could be brought under Rule 13(e) until Phan's refusal to pay and the lapse of the policy on July 21, 2023. As such, TLIC's claims matured after serving its answer.

As stated above, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The Court determines that TLIC was diligent. Although the deadline for amended pleadings has passed and TLIC had already filed an answer, TLIC's counterclaims did not become ripe until after the deadline and after it had filed its answer. Indeed, TLIC waited only one month before filing the present motion. The Court also notes that any prejudice to Phan will be minimal. Although Phan argues that fact discovery has closed and she would be prejudiced by reopening discovery, any additional discovery would likely be minimal considering that the counterclaims are based on the same policy that is the subject of Phan's Amended Complaint. Moreover, the deadline for dispositive motions is four months away and trial is nine months away. Indeed, the Court weighs this minimal prejudice to Phan against the significant prejudice to TLIC should it be prevented from filing its counterclaims. If TLIC is not granted leave to file its counterclaims, it may be precluded from filing them in a future action. *See Loc. Union No. 11, Int'l Bhd. of Elec. Workers, AFL-CIO v. G. P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966) ("If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again.").

Accordingly, the Court finds that TLIC has shown good cause under Federal Rule of Civil Procedure 16 for leave to amend the scheduling order.

**B.     Leave to File a Supplemental Pleading Under Rule 13(e)**

The remaining question before the Court is whether TLIC has shown that the supplemental pleading is appropriate. As stated above, the Court finds that the counterclaims are appropriately

5

1 brought under Federal Rule of Civil Procedure 13(e).  Therefore, the Court will consider whether
2 any of the *Foman* factors counsel against permitting the supplemental pleading.  As stated above,
3 those factors include: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to
4 the opposing party; and (4) futility of the proposed amendment."  *Ciampi*, 2010 WL 5174013, at
5 *2 (citing *Foman*, 371 U.S. at 182).

6       Phan argues that TLIC engaged in bad faith and undue delay because it was aware of the
7 facts underlying the counterclaims since June 27, 2022.  Opp. at 7, 10.  However, as noted above,
8 awareness of a party's legal position or predicted future behavior does not make a claim ripe, and
9 TLIC's counterclaims were not ripe until July 21, 2023.  Phan also argues that she would be
10 prejudiced because fact discovery has closed.  Opp. at 8–9.  As noted above, the Court finds this
11 prejudice minimal because any additional discovery will likely be limited, the deadline for
12 dispositive motions is four months away, and trial is nine months away.  Finally, Phan argues that
13 the supplemental pleading is futile because TLIC raised a similar issue in its argument for an
14 offset, which was included in TLIC's answer.  Opp. at 9.  TLIC responds that its argument for an
15 offset requests different relief than the declaratory judgment counterclaims.  Reply at 6.  The
16 Court agrees with TLIC—because the declaratory judgment counterclaims seek different relief
17 than the answer, the counterclaims are not futile, and Phan does not otherwise argue that the
18 counterclaims would fail.

19       Accordingly, the Court finds that TLIC's supplemental pleading is proper under Federal
20 Rule of Civil Procedure 13(e).

## IV. ORDER

For the foregoing reasons, the Court GRANTS Defendant Transamerica Life Insurance Company's Motion for Leave to File a Supplemental Pleading. ECF No. 85. TLIC shall file its supplemental pleading by September 19, 2023.

Dated: September 14, 2023

_____
BETH LABSON FREEMAN
United States District Judge