1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

DUNG PHAN,

            Plaintiff,

    v.

TRANSAMERICA PREMIER LIFE
INSURANCE COMPANY,

            Defendant.

Case No.  20-cv-03665-BLF

**ORDER GRANTING STAY**

[Re:  ECF 101]

Defendant Transamerica Premier Life Insurance Company n/k/a Transamerica Life Insurance Company ("Transamerica") moves to stay this case pending the resolution of the appeals in *Farley v. Lincoln Benefit Life Co.*, No. 2:20-CV-02485-KJM-DB, 2023 WL 3007413 (E.D. Cal. Apr. 18, 2023), *appeal docketed*, No. 23-80037 (9th Cir. May 3, 2023), and *Small v. Allianz Life Ins. Co. of N. Am.*, No. CV2001944TJHKESX, 2023 WL 4042593 (C.D. Cal. May 23, 2023), *appeal docketed*, No. 23-80050 (9th Cir. June 6, 2023).  ECF No. 101 ("Mot.").  Plaintiff Dung Phan ("Phan") filed an opposition to the motion.  ECF No. 107 ("Opp.").  Transamerica filed a reply in support of its motion.  ECF NO. 108 ("Reply").  The Court vacated the hearing on the motion, originally scheduled for February 15, 2024.  ECF No. 105.

For the reasons discussed below, the Court GRANTS the motion to stay.

## I.    BACKGROUND

In 1998, Phan acquired a life insurance policy that is now administered by Transamerica. ECF No. 77 ("Amend. Compl.") ¶ 29.  In May of 2018, Phan missed a premium payment.  On May 22, 2018, Transamerica sent Phan a "Grace Notice," which required her to pay the premium or the policy would lapse.  *Id.* ¶ 34.  Phan did not pay in time, and the policy lapsed on July 23, 2018.  *Id.*  On July 24, 2018, Transamerica sent Phan a "Lapse Notice," informing Phan that her

policy was no longer in force.  *Id.*  Phan attempted to pay the premium amount on July 31, 2018.  *Id.*  Transamerica instead required Phan to apply for reinstatement of her policy.  Phan applied, but Transamerica denied her application and returned her July 31, 2018 premium payment.  *Id.*  Phan filed this lawsuit on June 2, 2020.  ECF No. 1.  Her operative complaint alleges that Transamerica failed to comply with California Insurance Code §§ 10113.71 and 10113.72 ("the Statutes") and brings claims for declaratory judgment, breach of contract, violations of the California Unfair Competition Law, and violations of California's elder abuse statute.  Amend. Compl. ¶¶ 55–99.

On September 17, 2020, the Court stayed this case for one year pending decisions of the California Supreme Court in *McHugh v. Protective Life Ins. Co.*, 12 Cal.5th 213 (2021), and the Ninth Circuit in *Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021 WL 4596286 (9th Cir. Oct. 6, 2021), and *Bentley as trustee of 2001 Bentley Fam. Tr. v. United of Omaha Life Ins. Co.*, No. 20-55435, 2022 WL 4377110 (9th Cir. Feb. 1, 2022).  ECF No. 26.  After the stay was lifted, Phan filed a motion to certify a class, ECF No. 57, which the Court denied without prejudice because the relief ultimately requested in Phan's reply brief differed from her complaint and motion.  ECF No. 72.  Phan amended her complaint and filed a new motion to certify a class, defining the proposed class as follows:

> **The Class:**
> All (1) owners, or (2) beneficiaries upon a death of the insured, of Defendant's individual life insurance policies issued in California before 2013 that Defendant lapsed or terminated for the non-payment of premium in or after 2013 without first complying with all the requirements of Insurance Code Sections 10113.71 and 10113.72.
>
> **The Elder Abuse Sub-Class:**
> All members of the Class who were also 65 years of age or older at the time their policy lapsed or terminated.

ECF No. 75 at 2.  Phan's class certification motion argues that certification is appropriate under Fed. R. Civ. P. 23(b)(2) and (b)(3).  *Id.* at 10.

Since the California Supreme Court decided *McHugh*, federal district courts in the Ninth Circuit have considered and come to different conclusions regarding the question of whether a plaintiff may certify a class of individuals for whom an insurance company failed to comply with the Statutes when terminating the individuals' life insurance plans for nonpayment of premiums.

*See, e.g.*, *Moreland v. Prudential Ins. Co. of Am.*, No. 20-CV-04336-RS, 2023 WL 6450421, at *6 (N.D. Cal. Sept. 29, 2023) (denying class certification); *Poe v. Nw. Mut. Life Ins. Co.*, No. 8:21-CV-02065-SPG-E, 2023 WL 5251875, at *9 (C.D. Cal. Aug. 14, 2023) (denying class certification); *Steen v. Am. Nat'l Ins. Co.*, No. 220CV11226ODWSKX, 2023 WL 4004192, at *14 (C.D. Cal. June 14, 2023) (denying class certification); *Small*, 2023 WL 4042593, at *4 (granting class certification under Rule 23(b)(2) and (b)(3)); *Farley*, 2023 WL 3007413, at *9 (granting class certification under Rule 23(b)(2)); *Nieves v. United of Omaha Life Ins. Co.*, No. 21-CV-01415-H-KSC, 2023 WL 2705836, at *9 (S.D. Cal. Mar. 28, 2023) (denying class certification); *Siino v. Foresters Life Ins. & Annuity Co.*, 340 F.R.D. 157, 167 (N.D. Cal. 2022) (denying class certification).

The Ninth Circuit granted permission to appeal orders in two cases that granted class certification under Fed. R. Civ. P. 23(f).  In *Farley*, the district court considered a proposed class definition with nearly identical wording to the one that Phan proposes in her motion.  *Compare Farley*, 2023 WL 3007413, at *2, *with* ECF No. 75 at 2.  The district court certified the class under Rule 23(b)(2), finding that declaratory relief "invalidating the lapse and/or termination of insurance policies without the provision of the safeguards mandated by the [S]tatutes would serve a useful purpose in clarifying and settling the legal relations between plaintiff, the putative class members and defendant."  *Farley*, 2023 WL 3007413, at *8.  However, the district court denied certification under Rule 23(b)(3), finding that the plaintiff was not an adequate class representative because she was not seeking monetary relief.  *Id.* at *9.  Similarly, in *Small*, the district court considered a proposed class definition with nearly identical wording to the one that Phan proposes in her motion.  *Compare Small*, 2023 WL 4042593, at *1, *with* ECF No. 75 at 2.  The district court certified a class under Rule 23(b)(2) and (b)(3), finding that "[t]he central issue . . . is whether [the insurance company] had a corporate policy to terminate life insurance policies for non-payment of premiums without first complying with the Statutes.  *Small*, 2023 WL 4042593, at *4.

Transamerica requests that the Court stay this case pending the Ninth Circuit's resolution of the appeals in cases.  Mot. at 2–3.

## II.   LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936)).  This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 863–64 (9th Cir. 1979)).  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.  In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## III.   DISCUSSION

The Court will exercise its broad discretion to manage its docket and grant a one year stay in the name of judicial efficiency.  If at that time, the Ninth Circuit has not provided guidance in *Farley* or *Small*, Transamerica may request an extension.  The stay is issued for the following reasons.

4

**A.      Factors One and Two: Damage and Hardship to Parties**

Transamerica argues that the putative class will not be harmed because living policy owners are not entitled to monetary relief; to the extent that Phan seeks monetary relief for the class, that relief is not sufficient to warrant denying a stay; and to the extent that Phan seeks declaratory or injunctive relief, she has not sought a temporary restraining order or a preliminary injunction.  Mot. at 6–7.  Transamerica also argues that the case is relatively young, the stay will likely be resolved within a year, and it is likely that the other similar cases in the Ninth Circuit will be stayed as well.  *Id.* at 7–8.  Finally, Transamerica argues that it would suffer harm without a stay because if the Court certifies a class, then the parties will have to conduct merits discovery on a class-wide basis which might be obviated by a decision in *Farley* or *Small*.  *Id.* at 8–9.

Phan responds that the putative class would be harmed by the stay because they would be forced to wait for relief, many of the class members are elderly, and this action serves the public interest because it seeks to enforce important provisions of the California Insurance Code.  Opp. at 4–5, 8.  Phan also argues that being forced to defend a lawsuit is not sufficient hardship to justify a stay and the bulk of discovery has already been completed.  *Id.* at 5–6.  Finally, Phan argues that Transamerica failed to discuss a "likelihood of success" factor.  *See id.* at 7–8 (citing *Nken v. Holder*, 556 U.S. 418 (2009)).

The Court finds that the first and second *CMAX* factors weigh in favor of a stay.  First, Phan and the putative class will not be harmed by a stay because the declaratory relief that Phan seeks on behalf of the class would be the same and have the same effect if awarded now or in a year.  To the extent that Phan requests monetary relief on behalf of the class, "the Ninth Circuit has made clear that monetary recovery cannot serve as the foundation for the denial of a stay." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *3 (N.D. Cal. Nov. 1, 2017) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).  Second, both parties and the Court would be harmed if the stay is denied.  By June 2024, the parties are to complete expert discovery, brief dispositive motions, and go to trial.  Should the Court deny a stay and certify a class, the parties would devote significant resources to litigating a class action only to have their efforts potentially rendered moot and unnecessary by a decision in either *Farley* or

United States District Court
Northern District of California

1  *Small*.  Indeed, both parties and the Court would benefit from further guidance from the Ninth

2  Circuit as this case moves forward.

3  Finally, the Court again declines Phan's invitation to add a factor to the *CMAX* balancing

4  test.  As the Court noted in its previous stay order, Phan relies on inapposite authority to support

5  her argument that the Court must consider the "likelihood of success."  *See* ECF No. 24 (rejecting

6  Phan's reliance on *Nken v. Holder*, 556 U.S. 418 (2009) because *Nken* differs from this case in

7  both subject matter and procedural posture).

8  The Court acknowledges Phan's desire to avoid a multi-year indefinite stay.  The Court

9  imposes a definite period for the stay—12 months.  If there is no resolution in either *Farley* or

10  *Small* at that time, the stay may be extended for a similarly definite period.

**B.     Factor Three: The Orderly Course of Justice**

12  Transamerica argues that a stay would conserve judicial resources because *Farley* and

13  *Small* raise the same issues as in this case and a decision from the Ninth Circuit in either case

14  would at minimum provide guidance and at best provide binding authority which the Court should

15  consider in this case.  Mot. at 10.  Phan argues that the proposed stay has too many

16  "contingencies" and *Farley* and *Small* will only provide guidance to the Court's consideration of

17  class certification issues.  Opp. at 6–7.

18  The Court finds that this factor weighs heavily in favor of a stay.  "In determining whether

19  the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant."

20  *Fuller v. Amerigas Propane, Inc.*, No. 09-2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3,

21  2009) (holding that defendant's arguments showing judicial economy would be served by the

22  stay).  The Court is unpersuaded by Phan's argument that the Court should deny a stay because

23  *Farley* and *Small* might only provide guidance on the class certification issues.  Even if the class

24  certification issues will not be automatically won or lost after the resolution of *Farley* or *Small*,

25  major issues in this case will be clarified by a ruling in even one of those cases.  In fact, it is

26  highly likely that the Court's decision on class certification will be simplified by a decision in one

27  or both of those cases because they use nearly identical class definitions and the parties raise

28  substantially similar arguments to the definition and arguments at issue in this case.  Moreover,

should the Court rule on class certification in a way that conflicts with the decisions in *Farley* or *Small*, the Court would need to reconsider its ruling in light of decisions in those cases. Accordingly, the Court finds this stay of a finite duration is the most efficient and fair way to handle the litigation of this case.

## IV.   ORDER

For the foregoing reasons, the Court GRANTS Defendant Transamerica Life Insurance Company's Motion to Stay This Action.  ECF No. 101.  This case is stayed until November 14, 2024.  The parties are to submit a joint status report to the Court within 14 days of the resolution of *Farley* or *Small* or on November 14, 2024, whichever is earlier.

Under these circumstances, the Court finds it appropriate to terminate the pending motion for class certification (ECF No. 75) without prejudice to Phan.  Once the stay is lifted, Phan may either rewrite the motion consistent with Ninth Circuit precedent or resubmit the motion previously presented.

**IT IS SO ORDERED.**

Dated:  November 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge