**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DUNG PHAN, | Case No. 20-cv-03665-BLF |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR CLASS CERTIFICATION** |
| TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, | [Re: ECF No. 136] |
| Defendant. | |

Before the Court is Plaintiff Dung M. Phan's motion for class certification. ECF No. 136 ("Mot."); *see also* ECF No. 141 ("Reply"). Defendant Transamerica Premier Life Insurance Company n/k/a Transamerica Life Insurance Company ("Transamerica") opposes the motion. ECF No. 139 ("Opp."). The Court held a hearing on the motion on May 28, 2026. ECF No. 147.

Based on the Parties' arguments at the hearing and as set forth in the moving papers, the Court finds that Phan is atypical of the proposed class and cannot establish that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See* Fed. R. Civ. P. 23. The motion for class certification is accordingly DENIED.

## I.    BACKGROUND

### A.    Factual Background

In 1998, Phan acquired a life insurance policy that is now administered by Transamerica. ECF No. 136-3 ("Phan Decl.") ¶ 2; *see also id.* Ex. A ("Policy"). In May 2018, Phan missed a premium payment. ECF No. 139-2 ("Squires Decl.") ¶ 10. On May 22, 2018, Transamerica sent Phan a "Grace Notice," which required her to pay the premium or the policy would lapse. *Id.* ¶ 10 & Ex. 9. Phan did not pay in time, and the policy lapsed on July 23, 2018. *Id.* ¶ 10. On July 24, 2018, Transamerica sent Phan a "Lapse Notice," informing Phan that her policy was no longer in

force. *Id.* ¶ 10 & Ex. 10; Phan Decl. ¶ 5. Transamerica never notified Phan of her right to designate a third party to receive lapse notices. Phan Decl. ¶ 7.

Phan attempted to pay the premium amount on July 31, 2018. Squires Decl. ¶ 10 & Ex. 11; Phan Decl. ¶ 5. Transamerica instead required Phan to apply to have the policy reinstated. Phan Decl. ¶ 5. After Phan applied for reinstatement, Transamerica denied her application and returned her July payment. Squires Decl. ¶ 11 & Ex. 12; Phan Decl. ¶ 5. During the pendency of this action, on May 19, 2023, Transamerica restored Phan's life insurance policy "as if it had never lapsed." Squires Decl. ¶ 14. Phan has not paid the back premiums requested by Transamerica. *Id.* ¶ 18; *see also* ECF No. 91 ("Counterclaim") ¶¶ 24–30 (counterclaiming for declaratory relief – unpaid premiums).

### B. Procedural Posture

Phan filed this lawsuit on June 2, 2020. ECF No. 1. Her operative complaint alleges that Transamerica failed to comply with California Insurance Code §§ 10113.71 and 10113.72 and brings claims for declaratory judgment, breach of contract, violations of the California Unfair Competition Law ("UCL"), and violations of California's elder abuse statute. ECF No. 77 ("FAC") ¶¶ 55–99. On September 17, 2020, the Court stayed this case pending decisions of the California Supreme Court in *McHugh v. Protective Life Insurance Co.*, 12 Cal. 5th 213 (2021), and the Ninth Circuit in *Thomas v. State Farm Life Insurance Co.*, No. 20-55231, 2021 WL 4596286 (9th Cir. Oct. 6, 2021), and *Bentley v. United of Omaha Life Insurance Co.*, No. 20-55435, 2022 WL 4377110 (9th Cir. Feb. 1, 2022). *See* ECF No. 26.

After the stay was lifted, Phan filed a motion to certify a class, ECF No. 57, which the Court denied without prejudice because the relief ultimately requested in Phan's reply brief differed substantially from her complaint and motion, ECF No. 72. Phan subsequently amended her complaint and filed a new motion to certify a class. ECF No. 75. Before the Court ruled on the second motion for class certification, the Court granted a second motion to stay the case pending the resolution of the appeals in *Small v. Allianz Life Insurance Co. of North America*, 122 F.4th 1182 (9th Cir. 2024), and *Farley v. Lincoln Benefit Life Co.*, 150 F.4th 1197 (9th Cir. 2025). ECF No. 112. The Court lifted the stay on October 23, 2025. ECF No. 125. Phan again

United States District Court
Northern District of California

moves for class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure.[1]

## II.    LEGAL STANDARD

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).  "The party seeking class certification has the burden of affirmatively demonstrating that the class meets the requirements of Rule 23." *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1066 (9th Cir. 2021) (alteration omitted) (quoting *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012)).  A district court "must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza*, 666 F.3d at 588 (citation omitted).  The plaintiff bears the burden of satisfying each element of Rule 23 by a preponderance of the evidence.  *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022).

A class must first meet the four requirements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  In addition to meeting the requirements of Rule 23(a), "a proposed class must also meet the requirements of one or more of the 'three different types of classes' set forth in Rule 23(b)." *Senne v. Kan. City. Royals Baseball Corp.*, 934 F.3d 918, 927 (9th Cir. 2019) (quoting *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 512 (9th Cir. 2013)).

Here, Plaintiff seeks class certification under Rule 23(b)(2), which permits "class treatment when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Dukes*, 564 U.S. at 360 (quoting Fed. R. Civ. P. 23(b)(2)).  Additionally, or

---

[1] Transamerica objects to the Tomasevic Reply Declaration, including the attached Exhibit 9.  *See* ECF No. 141-1 ("Tomasevic Reply Decl.") ¶ 2 & Ex. 9.  This evidence includes an analysis of Transamerica's electronic policy data produced in 2022.  *Id.*  Transamerica objects that this evidence (1) constitutes the improper introduction of new evidence on reply (2) violates the best evidence rule; and (3) is irrelevant.  ECF No. 144 at 1–3.  As none of these objections relate to evidence upon which the Court relies, the Court need not address them.  *See Hardwick v. United States*, 79-cv-01710-EMC, 2025 WL 1696594, at *3 (N.D. Cal. June 17, 2025).

3

in the alternative, Plaintiff seeks certification of an issue class under Rule 23(c)(4), which provides that where "appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4).

## III. DISCUSSION

Phan asks the Court to certify the following class:
> All owners of Defendant's individual life insurance policies issued in California before 2013 that Defendant lapsed or terminated for non-payment of premium in or after 2013 without first applying Insurance Code Sections 10113.71 and 10113.72.

Mot. at 2. On behalf of the class, "Plaintiff seeks a judicial declaration that Transamerica's uniform conduct [from January 1, 2013, through at least mid-2019] violated [Insurance Code Sections 10113.71 and 10113.72]." *Id.* at 1.

An understanding of the Insurance Code and the applicable caselaw is necessary to evaluate Phan's motion for class certification. Accordingly, the Court first gives an overview of the legal framework and then turns to the requirements of Rule 23.

### A. Legal Landscape

#### 1. California Insurance Code

This lawsuit flows from the allegation that Transamerica failed to comply with California Insurance Code §§ 10113.71 and 10113.72 (the "Statutes"). In 2012, the California Legislature enacted those provisions to "protect[] people who hold life insurance policies from inadvertently losing them" by establishing procedural safeguards to prevent the policies from being revoked when policy owners lapse in paying premiums. *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 246 (2021). Among other things, the Statutes provide that (1) each life insurance policy "shall contain a provision for a grace period of not less than 60 days from the premium due date;" (2) "[a] notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed . . . at least 30 days prior to the effective date of termination if termination is for nonpayment of premium;" and (3) each insured must be "given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium." Cal. Ins. Code §§ 10113.71–10113.72.

The Statutes took effect on January 1, 2013. They are silent as to whether they apply

retroactively or apply only to policies created after January 1, 2013. Until 2021, many insurance companies did not comply with the Statutes for policies issued before 2013. *See, e.g.*, *Small*, 122 F.4th at 1189. The California Supreme Court subsequently found in 2021 that the Statutes are "best read to extend protections to policies issued before these sections went into effect" and held that the procedural protections apply retroactively. *McHugh*, 12 Cal. 5th at 246.

### 2. *Small v. Allianz Life Insurance Company of North America*

After the California Supreme Court's decision in *McHugh*, the Ninth Circuit considered what a plaintiff must show to recover for alleged violations of the Statutes. In *Small* (as here) the plaintiff sued a life insurance company for declaratory relief, breach of contract, and violation of the UCL on the ground that the insurer failed to comply with the Statutes. 122 F.4th at 1189. The district court in *Small* certified one subclass under Rule 23(b)(2) and one subclass under Rule 23(b)(3). *Id.* at 1190; *see also Small v. Allianz Life Ins. Co. of N. Am.*, No. 20-cv-01944-TJH, 2023 WL 4042593, at *1 (C.D. Cal. May 23, 2023). On appeal, the Ninth Circuit reversed. *Small*, 122 F.4th at 1188.

Before addressing the class certification issues, the Ninth Circuit considered what a plaintiff must show to recover under the Statutes. *See id.* at 1191. The *Small* court identified a split among the district courts, which were initially "split between two competing theories of recovery": the "violation-only theory" and the "causation theory." *Id.* at 1192. Under the violation-only theory, noncompliance with the Statutes would entitle consumers to reinstatement or benefits. *Id.* at 1192–93. Under the causation theory, the plaintiff "must not only allege a violation of the Statutes[] but must also show that the violation caused [the plaintiff] harm." *Id.* at 1193.

Adopting the causation theory, the Ninth Circuit held that to recover under a breach of contract claim, plaintiffs must show "damages *caused by* the breach," namely violation of the Statutes. *Id.* at 1191–92. In other words, to prevail on a claim for breach of contract based on a failure to comply with the Statutes, a plaintiff must demonstrate that the insurer's "compliance with the Statutes would have caused the plaintiff to pay their premiums and retain the policy." *Id.* at 1193.

5

In making this ruling, the Ninth Circuit recognized that it is "a life insurance industry norm that policyholders intentionally cancel their policies (or intentionally allow the policies to lapse)." *Id.* at 1191. And in light of its adopting the causation theory, the Ninth Circuit determined that "evidence that many members of the class knowingly let their policies lapse as a means of termination" impeded class certification under Rule 23(b)(2) for two reasons. *Id.* at 1200. First, forced reinstatement, which was the remedy sought by the plaintiff in *Small*, would mean reinstating policies for insureds who intentionally canceled their policies or voluntarily allowed them to lapse. *Id.* at 1200–01. Second, a declaration that the putative class members' life insurance policies lapsed because the insurer failed to comply with the Statutes improperly adjudicated the breach of contract claim without requiring evidence of causation. *Id.* at 1201.

Here, Phan seeks to avoid the obstacles to Rule 23(b)(2) certification the plaintiff faced in *Small* by not seeking on behalf of the class either policy reinstatement or a declaration that the alleged violations caused class members' policies to lapse.

### 3. *Siino v. Foresters Life Insurance & Annuity Company*

Plaintiff relies heavily on the outcome in *Siino v. Foresters Life Insurance & Annuity Company*, 133 F.4th 936 (9th Cir. 2025) to avoid the application of the *Small* holding. In *Siino*, the Ninth Circuit held that the district court did not abuse its discretion by entertaining the plaintiff's request for declaratory relief as to a life insurer's alleged failure to comply with provisions of the Statutes. *Id.* at 943–44. *Siino* was an individual case, not a class action. *Id.* at 940. Among other causes of action, the plaintiff brought claims for breach of contract and declaratory relief. *Id.* at 941. The plaintiff sought a declaration that (1) the insurer did not comply with all the provisions of the Statutes; (2) the plaintiff's policy remained valid and enforceable; and (3) the insurer may not require the plaintiff to pay back premiums in order to revive the policy. *Id.* The district court granted the requested declaratory relief in part, holding that the insurer failed to comply with the Statutes in terminating the policy and the policy remained valid and enforceable. *Id.* at 942.

On appeal, the insurer argued that the district court abused its discretion in entertaining the declaratory relief claim. *Id.* at 943. In affirming in part, the Ninth Circuit explained that the

plaintiff's claims for declaratory relief and breach of contract were not coextensive because "they answer different questions and turn on different considerations." *Id.* at 944.  The Ninth Circuit concluded that only the declaratory relief claim "speaks to the future obligations of the parties," namely whether the plaintiff would be required to pay her overdue premiums.  *Id.*

The district court also granted declaratory relief, holding that the insurer failed to comply with the Statutes and, as a result, the plaintiff's policy remained in effect.  In considering whether this grant was in error, the Ninth Circuit began by reviewing the legal framework and requirements for declaratory relief.  *Id.* at 945.  The court explained that relief under the Declaratory Judgment Act ("DJA") is context-specific.  *Id.* (citing 28 U.S.C. § 2201(a)).  As "a purely remedial statute," the DJA "provides an affirmative remedy only when a cause of action otherwise exists."  *Id.* (citation omitted).  Nonetheless, the Ninth Circuit noted that the availability of declaratory relief does not necessarily require proving each element of the underlying claim.  *Id.*

Finding that the district court did not abuse its discretion in entertaining the requested declaratory relief, the *Siino* court held that as to the first issue of whether the insurer violated the Statutes, the declaratory relief claim "purely corresponded" to the breach element of a breach of contract claim.  *Id.* at 947.  The second issue whether the plaintiff's policy remained in effect turned on the plaintiff's ability to prove all the elements of a breach of contract claim, including causation and damages.  *Id.*  Based on the evidence in the record, the Ninth Circuit affirmed the grant of declaratory relief as to the first issue and reversed as to the second.  *Id.* at 947–50.

In a later case, the Ninth Circuit reversed the district court's class certification order and remanded the case so that the district court could consider the matter under the holding in *Small*. *See Lee v. Great Am. Life Ins. Co.*, No. 24-6617, 2025 WL 3764270, at *1 (9th Cir. Dec. 30, 2025).  Casting doubt on whether *Siino* would change the outcome, the court expressly declined to remand with directions to consider whether class certification under Rule 23(b)(2) would be proper under *Siino* and *Small*. *Id.* The Ninth Circuit explained that "[a]lthough *Siino* suggests narrow declaratory relief is available in some circumstances, such as when a declaration may be used defensively," plaintiffs sought "to recover on a theory grounded in contract" which meant the

7

United States District Court
Northern District of California

"Rule 23 defects identified in *Small*" would not be cured without narrowing the putative class, even if the relief sought was limited. *Id.*

### B.   Rule 23(b)(2)

Turning to Phan's motion for class certification, Phan contends that she avoids the issues that defeated class certification in *Small* and a similar case that was decided in 2025*, Farley*. *See Farley*, 150 F.4th at 1204 (reversing a class certification order because the "decision in *Small* dictate[d] the resolution of [the] case"). She models the declaratory relief she seeks to establish for the proposed class on that permitted in *Siino*. Mot. at 8. But whether Phan's requested declaratory relief passes muster under the Declaratory Judgment Act is not here at issue. At this juncture, the Court must consider whether Plaintiff has met the requirements of Rule 23 for class certification.

A class may be certified under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Where "members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole," Rule 23(b)(2)'s requirements are "unquestionably satisfied." *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014).

Phan urges that certification under Rule 23(b)(2) is proper because Transamerica adopted a pattern of activity that is generally applicable to the entire class. Mot. at 14. She offers evidence that Transamerica "did not initially apply the requirements of these Statutes to policies issued or delivered prior to January 1, 2013, including renewals of such policies after January 1, 2013." ECF No. 136-1 ("Nicholas Decl."), Ex. 1 ("Rog Responses") at 7. Transamerica's 30(b)(6) designee also testified that "the company decided to implement the statutes for policies issued and delivered after the effective date of January 1st, 2013." *See* Nicholas Decl. Ex. 8 ("Boyer Depo.") at 78:23–25. Because "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole," *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998), Phan contends that the "tailored declaratory relief" she seeks satisfies Rule 23(b)(2). *See* Mot. at 9, 14.

Transamerica responds that the class is broad, including numerous class members who would never be able to take the requested declaratory judgment forward to obtain any kind of relief. Opp. at 12. Transamerica's expert found in his first report that "the reasons for [policy] termination and the assumption of harm, cannot be ascertained without individualized inquiry relating to each such termination." *See* ECF No. 139-1 ("Golub Decl."), Ex. 1 ("Merrill Rep.") at 34. A random sample of 100 class members' policy files revealed a range of policyholder behaviors. *Id.* at 14. For example, the expert's review of the non-term policies in the sample showed a "majority reflect[ing] either deliberate decisions to terminate, or active management by the policyholder near the time of lapse or surrender." *Id.* at 16. Transamerica thus asserts that Phan's request for class-wide declaratory relief is not cognizable because a significant portion of the class cannot benefit from a declaration that Transamerica violated the Statutes, the declaratory relief Phan seeks would not be useful, and non-final declaratory relief is not a proper remedy for Phan's alleged harm. Opp. at 12.

Transamerica's arguments are persuasive. Recognizing the roadblocks to certification posed by *Small*, Phan has narrowed the requested declaratory judgment so much that she cannot show that it will provide an appropriate class-wide remedy under Rule 23(b)(2). *See* Fed. R. Civ. P. 23(b)(2). Phan insists that under *Siino*, "consumers are entitled to a declaration that an insurer violated the law and/or breached the insurance contract." Reply at 3. According to Phan, that *Siino* was an individual case, rather than a class action, "makes no difference." *Id.* at 4. Phan makes too much of *Siino*. The Ninth Circuit did not hold that consumers were entitled to declaratory relief. Rather, the court found that under the circumstances, it was not an abuse of discretion for the district court to entertain declaratory relief that might allow that particular plaintiff to protect herself from paying overdue premiums. *Siino*, 133 F.4th at 944. The plaintiff in *Siino* did not have to show that the declaration she requested was appropriate for class certification under Rule 23(b)(2).

Here, by contrast, Phan has not demonstrated, as she must, that adjudicating the question of whether Transamerica violated the Statutes would provide class-wide relief. On the record before the Court, such a declaration would not provide relief, but would only serve as a "pathway"

to a future remedy.  *See LD v. United Behav. Health*, No. 20-cv-02254-YGR, 2023 WL 2806323, at \*5 (N.D. Cal. Mar. 31, 2023) (explaining that "'declaratory relief' is not a stand-alone remedy").  And that pathway would be available to only those class members who would be able to show causation in a future breach of contract case or who dispute paying back premiums upon reinstatement of their policies.

Insofar as Phan argues that she need not show that every class member was actually injured by the challenged policy, she is correct.  *See* Reply at 5.  "[I]t is well-settled that the defendant's conduct described in the complaint need not be directed or damaging to every member of the class," and whether "everyone in the class is interested in challenging the policy at issue" is "irrelevant" to the Rule 23(b)(2) inquiry.  William B. Rubenstein et al., *Newberg & Rubenstein on Class Actions* § 4:28 (6th ed.); *see also Walters*, 145 F.3d at 1047 ("Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate.").  However, the fact that every class member need not be injured does not obviate the requirement that a single declaratory judgment provide relief to each member of the class.  *Dukes*, 564 U.S. at 360.  Phan misses this critical point.

Moreover, Rule 23(b)(2) requires that "final injunctive relief or *corresponding* declaratory relief" be appropriate.  Fed. R. Civ. P. 23(b)(2) (emphasis added).  Transamerica points to the Advisory Committee notes, which explain that "[d]eclaratory relief 'corresponds' to injunctive relief" under Rule 23(b)(2) "when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief."  Advisory Committee Note to the 1966 Revision of Rule 23.  "In other words, the declaration should be equivalent to an injunction."  Wright & Miller, 7AA *Fed. Prac. & Proc.* § 1775 (3d ed.).

On reply, Phan does not address this key issue of "corresponding" declaratory relief and instead identifies examples of the declaratory judgment's "potential significance."  Reply at 6. Phan imagines that the declaratory judgment would be useful in proving a future breach of contract claim, litigating a dispute over back premiums for class members that reinstate their policies, and establishing the unlawful prong of a UCL claim.  Reply at 6–7.  It is notable that none of these suggested uses of a declaratory judgment are injunctive in character.  Phan does not

argue that the declaratory relief could be used as the basis for any future injunctive relief. The Parties agree that the injunction Phan prays for in the FAC, namely stopping Transamerica's ongoing violations of the Statutes, is no longer necessary in light of Transamerica's intervening change in policy. *See* Rog Responses at 11–12 (detailing Transamerica's compliance with the Statutes since 2019). And as Phan moves to certify a class based on a backward-looking declaratory judgment, such relief could also not be used to enjoin any future unlawful conduct.

It is true that the Ninth Circuit found in *Siino* that the district court's entertaining the kind of declaratory relief that Phan seeks here was not an abuse of discretion. *Siino*, 133 F.4th at 944. But the plaintiff in *Siino* was an individual who only needed to show that the request was appropriate under the Declaratory Judgment Act. *Id.* at 943. Unlike Phan, she was not required to demonstrate that the requested declaratory judgment would correspond to injunctive relief, as is necessary for class certification under Rule 23(b)(2).

Tellingly, Phan contends that "a class wide declaration carries all future breach of contract claims one step forward." Reply at 7. At bottom, what Phan "truly seek[s] here is a pathway" to proving a breach of contract claim down the road. *United Behav. Health*, 2023 WL 2806323, at *5. "Instrumentalizing equitable remedies for that purpose is improper." *Id.*; *see also Dukes*, 564 U.S. at 360–61 (holding that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages"). Phan's request thus runs afoul of Rule 23(b)(2)'s requirement that the declaratory relief sought on behalf of the class "afford[] injunctive relief" or "serve[] as a basis for later injunctive relief." Advisory Committee Note to the 1966 Revision of Rule 23. The relief Phan seeks is accordingly unsuited for class certification under Rule 23(b)(2).

Even assuming the Court would ultimately entertain adjudication of the declaratory judgment Phan seeks on behalf of the class—an issue about which the Court has serious doubt— the declaratory relief Phan requests would not provide class-wide relief or serve as the basis for any injunctive relief. The Court concludes that class certification under Rule 23(b)(2) would be improper.

United States District Court
Northern District of California

### C.    Rule 23(a)

The Court turns to Rule 23(a)'s requirements.  Phan asserts that she satisfies each, namely numerosity, commonality, typicality, and adequacy.  Mot. at 9–13.  In response, Transamerica challenges the typicality, adequacy, and commonality requirements.  Opp. at 20–24.

#### 1.  Numerosity

Rule 23(a)(1) requires that the size of the proposed class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, Phan submits evidence showing that there are 37,862 class members.  Nicholas Decl. ¶ 23 & Ex. 7.  It is uncontested that this figure satisfies the requirement, and the Court concludes that numerosity is met.

#### 2.  Commonality

To satisfy the commonality requirement, Phan must show that that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Even a single question will suffice, and the contention must be "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Dukes*, 564 U.S. at 350, 359.

The Ninth Circuit has already spoken to this exact issue in *Small*, holding that "whether a violation of the Statutes occurred is an appropriate common question."  *Small*, 122 F.4th at 1199.  There, the factual circumstances of the proposed class members differed.  Nonetheless, the court found that the question was capable of adjudication on a class-wide basis because "where the circumstances of each particular class member 'vary but retain a common core of factual or legal issues with the rest of the class, commonality exists.'"  *Id.* (quoting *Parsons*, 754 F.3d at 675).

Here too, the Court finds that commonality is satisfied.  As discussed above, Phan offers evidence that Transamerica "did not initially apply the requirements of these Statutes to policies issued or delivered prior to January 1, 2013, including renewals of such policies after January 1, 2013."  Rog Responses at 7.  While Transamerica argues that its compliance with provisions of the Statutes as to portions of the proposed class defeats commonality, *see* Opp. at 23–24, the Ninth Circuit rejected a similar argument in *Small*.  *See Small*, 122 F.4th at 1199 (finding commonality was satisfied although the plaintiffs "allege[d] different provisions of the Statutes ha[d] been

12

United States District Court
Northern District of California

violated"). The factual variation among the circumstances of the proposed class members is likewise insufficient to undermine commonality here.

### 3. Typicality

Rule 23(a)(3) permits class certification only where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Measures of typicality include whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct." *Small*, 122 F.4th at 1202 (citation omitted).

Phan argues that she was subject to the same corporate policy as every other class member, namely Transamerica's practice of not complying with the Statutes with respect to pre-2013 policyholders. Mot. at 11–12. Transamerica responds that Phan's claims are atypical of the portion of the class that voluntarily allowed their policies to lapse. Opp. at 20.

In *Small*, the plaintiff was atypical of the class members whose policies were intentionally terminated, because hers lapsed inadvertently. *Id.* at 1203. The Ninth Circuit found that those other class members did not have the same or similar injury as the plaintiff, the lawsuit was based on conduct that was unique to the plaintiff, and the other class members had not been injured by the challenged course of conduct. *Id.*; *see also Farley*, 150 F.4th at 1203–04 (holding that the plaintiff did not have "typical questions of members who allowed their policies to lapse intentionally").

Here, likewise, Transamerica proffers evidence that "a policy-by-policy analysis of the policies within the Plaintiff's proposed class would reflect a variety of reasons why policyholders terminate their policies that are irrelevant to lapse-related and grace period notification." Golub Decl. Ex. 18 ("Merrill Supp. Rep.") at 195. This comes as no surprise—"it is an industry norm that Insureds intentionally cancel unwanted policies by not paying premiums." *Small*, 122 F.4th at 1194. The reasoning of *Small* and *Farley* as to typicality thus applies with full force here. Phan is unlike much of the proposed class. While the Court agrees that Phan was subject to the same challenged policy as the other proposed class members, she suffered an injury (unwanted lapse)

13

that class members who cancelled their policies or intentionally allowed them to terminate did not. As Transamerica's challenged conduct injured Phan, but not a significant portion of the class, Phan is atypical.

### 4. Adequacy

Rule 23(a)(4) requires that a representative plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry is addressed by answering two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Kim v. Allison*, 87 F.4th 994, 1000 (9th Cir. 2023) (citation omitted). For a class representative to be adequate, the answer to both inquiries must be in the affirmative. *Small*, 122 F.4th at 1202.

Phan asserts that she is adequate because she has been vigorously litigating this action for nearly six years on behalf of the class and has engaged competent counsel. Mot. at 12–13. Transamerica responds that Phan is an inadequate class representative because she is unique compared to the class, including because her policy was restored and she is engaged in a dispute with Transamerica as to whether she must pay back premiums. Opp. at 21–22; *see also* Counterclaim ¶¶ 24–30. The Court finds that Phan is an adequate class representative. The issues that are specific to Phan have no bearing on the common question, which focuses narrowly on whether Transamerica had a practice of violating the Statutes. As the relief sought is equitable in nature and would be tried to the bench, there is also no concern that Phan's particular circumstances would distract from the fair adjudication of the common question.

\*      \*      \*

In sum, the Court finds that the Rule 23(a) requirements are not satisfied, because Phan is atypical of the proposed class.

### D.    Rule 23(c)(4)

Finally, as an alternative to Rule 23(b)(2) certification, Phan moves for issue certification under Rule 23(c)(4). Mot. at 15. "Rule 23(c)(4) enables a district court to certify an issue class '[w]hen appropriate,' but a court does not abuse its discretion when it declines to do so because

certifying a class does not 'materially advance[] the disposition of the litigation as a whole.'" *Reitman v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 882 (9th Cir. 2020) (nonprecedential) (alterations in original) (quoting 2 Newberg on Class Actions 4:90 (5th ed. 2012)). Transamerica argues that this is such a case, including because each proposed class member must still file an individual lawsuit to transform the declaratory relief into something useful. Opp. at 25. The Court agrees. As the Court explained above, the issue of whether Transamerica violated the Statutes is but a small step toward establishing liability for breach of contract for a class member. This is a step a substantial portion of the class (those who voluntarily allowed their policies to lapse) would have no apparent interest in taking for the reasons discussed above. Yet it would consume time and resources to litigate this issue class-wide. As it is "unclear, at this stage, what ultimate objective certifying a class to try this issue would advance," the Court concludes that class certification under Rule 23(c)(4) is unavailable. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 581 (C.D. Cal. 2014).

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Phan's motion for class certification is DENIED.

Dated:  June 18, 2026

_____
BETH LABSON FREEMAN
United States District Judge

15